IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-90-D
No. 7:17-CV-70-D

JERMAINE CORDOVA, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On July 12, 2016, Jermaine Cordova ("Cordova") moved for placement at a federal medical center [D.E. 113]. On April 5, 2017, Cordova moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 115]. On July 28, 2017, the government moved to dismiss Cordova's section 2255 motion [D.E. 122] and filed a memorandum in support [D.E. 123]. On August 22, 2017, Cordova responded in opposition [D.E. 122]. As explained below, the court denies Cordova's motion for placement at a federal medical center, grants the government's motion to dismiss, and dismisses Cordova's section 2255 motion.

I.

On March 26, 2014, Cordova pleaded guilty to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 [D.E. 47, 86]. Cordova's offense conduct involved committing an armed robbery where the victim was shot five times and later firing his weapon at a Wilmington police officer. See Sentencing Tr. [D.E. 64]. On September 4, 2014, the court sentenced Cordova to 420 months' imprisonment [D.E. 75, 76]. Cordova appealed [D.E. 78].

While Cordova's appeal was pending, the Supreme Court of the United States decided Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the

ACCA. As a result of Johnson, Cordova was no longer an armed career criminal. Thus, on July 16, 2015, the United States Court of Appeals for the Fourth Circuit granted the government's unopposed motion to remand the case for resentencing in light of Johnson. See [D.E. 90].

On February 26, 2016, the court resentenced Cordova. See Resentencing Tr. [D.E. 112]. The court calculated Cordova's advisory guideline range as 360 months to life, but concluded that, absent the ACCA enhancement, the advisory guideline range became the statutory maximum of 120 months' imprisonment. See id. at 1–10. The court then considered all relevant factors under 18 U.S.C. § 3553(a) and sentenced Cordova to 120 months' imprisonment. See id. at 19–27. The court also announced that if it had miscalculated Cordova's advisory guideline range, it would impose the same sentence as an alternative variant sentence. See id. at 25; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Cordova appealed.

On April 4, 2017, while Cordova's appeal was pending, Cordova filed his section 2255 motion [D.E. 115]. In Cordova's section 2255 motion, Cordova argues that his appellate counsel from his first sentencing appeal was constitutionally ineffective by failing to argue that this court miscalculated his advisory guideline range at the first sentencing. See id. at 4. Cordova then contends that this failure "prevented" Cordova from raising this issue "under the mandate rule on the second appeal." Id.

On June 27, 2017, the Fourth Circuit affirmed this court's judgment sentencing Cordova to 120 months' imprisonment. See United States v. Cordova, 692 F. App'x 692, 693 (4th Cir. 2017) (per curiam) (unpublished). In its decision, the Fourth Circuit declined to apply the mandate rule, and instead affirmed based on this court's alternative variant sentence. Id.

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 566 U.S. 134, 141, 143 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled

3

to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Cordova must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

Here, the court need not address performance because Cordova's ineffective-assistance claim fails due to a lack of prejudice. Cordova argues that his appellate counsel during his first sentencing appeal was constitutionally ineffective by failing to argue that this court miscalculated Cordova's

4

advisory guideline range. See [D.E. 115] 4. Cordova then contends that this failure "prevented" Cordova from raising this issue "under the mandate rule on the second appeal." Id. However, in resolving Cordova's second appeal, the Fourth Circuit declined to apply the mandate rule. See Cordova, 692 F. App'x at 693. Instead, the Fourth Circuit reviewed the resentencing and affirmed this court's alternative variant sentence. Id. Accordingly, the conduct of Cordova's appellate counsel during his first sentencing appeal did not affect the outcome of Cordova's resentencing or Cordova's appeal of the resentencing. Thus, there was no prejudice. See, e.g., Strickland, 466 U.S. at 694–700.

After reviewing the claim presented in Cordova's motion, the court finds that reasonable jurists would not find the court's treatment of Cordova's claim debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 122], DISMISSES Cordova's section 2255 motion [D.E. 115], DENIES Cordova's motion for placement at a federal medical center [D.E. 113], and DENIES Cordova's motion for appointment of counsel [D.E. 126].

SO ORDERED. This 11 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

5